OPINION OF THE COURT
Robert D. Lippmann, J.
Defendant, having an opening in its company for an accountant, applied to plaintiff’s employment agency to locate applicants to fill the position. Plaintiff referred Martin Marcus to defendant, who interviewed and hired him. Mr. Marcus began his employ December 15, 1980. In mid-January, 1981, defendant, in the course of its investigations, discovered that Mr. Marcus had falsified his academic credentials on his resumé, had not been graduated from Baruch College and had in fact been disbarred from the college after one semester. Approximately five weeks *203 later, on February 23,1981, Mr.. Marcus was discharged by defendant.
On January 12, 1981, defendant had notified plaintiff of the employee’s misrepresentations.
The original agreement between the parties called for a fee based on 30% of the successful applicant’s starting annual salary, which amounted to 30% of $30,000 or $9,000. This percentage basis was subsequently reduced to 25%, or a fee of $7,500.
The above summary is undisputed. As to the rest, each party offers a version at variance with the other.
According to plaintiff, on January 19,1981 plaintiff and defendant agreed that defendant would pay the placement fee for Mr. Marcus, and that plaintiff would send a replacement at no charge. According to defendant, plaintiff agreed that although Mr. Marcus would be retained by defendant through the tax season, defendant would pay no fee for Mr. Marcus, but would pay for a replacement.
The guarantee period is also disputed. Plaintiff claims that defendant had 30 days from the date of notification of the employee’s misrepresentations in which to fire the employee without incurring liability for a placement fee. Defendant, on the other hand, claims that by oral agreement the period was extended to 60 days.
With respect to defendant’s claim that plaintiff wrongfully misrepresented the applicant’s educational record, section 179 of the General Business Law requires an employment agency to communicate with at least one former employer of the applicant only where the applicant is to work in a private family or is to be employed in a fiduciary capacity. As the employee in the case at bar was not hired either to work in a family or in a fiduciary capacity, section 179 is not applicable. Consequently, plaintiff was under no statutory requirement to verify the applicant’s resumé nor was plaintiff under a contractual obligation to do so.
Since the General Business Law is inapplicable here, the outcome of the case must turn on the credibility of the testimony presented.
*204 Defendant discharged the employee February 23, 1981, that is, 42 days after January 12, the date when defendant notified plaintiff of the employee’s misrepresentations. If we were to give credence to plaintiff’s contentions, the 30-day guarantee period would thus have been exceeded by 12 days and plaintiff would prevail.
It is not entirely clear whether, according to defendant’s version, the 60-day period was to run from the date of employment, in which event, even this period had run by February 23, 1981, or from January 12, the date of notification of the falsification, in which event, the firing of Mr. Marcus was safely within the guarantee period.
The court finds it exceedingly difficult to disentangle the truth from the tangled web of testimony offered by the parties. Salient to the case is the fact that plaintiff, apparently in good faith, referred an applicant to defendant who found the applicant’s accounting skills sufficiently competent to retain his services through defendant’s busy tax season.
Were we to hold that defendant could avoid payment of the fee by discharging the employee beyond a guarantee period, at defendant’s convenience, we could conceivably be setting a precedent by which contractual agreements freely entered into between employment agencies and employers would be rendered meaningless. Such a holding might also have a detrimental effect on employee job security since employers would find it profitable to discharge employees after a short period of employment.
Plaintiff did perform a service for defendant at defendant’s request. Defendant should pay for that service. However, since the applicant was not what he represented himself to be, and since defendant relied on a time extension of the guarantee period allegedly granted by plaintiff, the court, in recognition that there must be some truth on both sides, grants plaintiff’s relief, but in a reduced amount.
Accordingly, the court awards plaintiff the sum of $4,000 without interest.